IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| ROBIN YVETTE CREWE,<br>    *pro se* Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br>    Defendant. | Civil No. 3:13cv456 (REP) |

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Robin Yvette Crewe ("Plaintiff"), proceeding *pro se*, filed an application for disability insurance benefits ("DIB") and supplemental social security income ("SSI") under the Social Security Act ("Act"). The Commissioner denied Plaintiff's claims. On May 23, 2011, an administrative law judge ("ALJ") held a hearing on Plaintiff's claims. On June 16, 2011, the ALJ issued a decision denying both of Plaintiff's claims. On November 16, 2012, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff now appeals the ALJ's decision in this Court pursuant to 42 U.S.C. § 405(g), arguing that she is entitled to benefits, and Defendant moves to dismiss Plaintiff's claim on the basis that it was untimely filed. This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss and Memorandum in Support (ECF No. 12) and Plaintiff's Motion for Summary Judgment (ECF No. 14).[1] Having reviewed the parties'

---

[1] Although Plaintiff styled this filing as "Notice of Appeal," "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). In her "Notice of Appeal," Plaintiff states that she "keeps

submissions, the Court is now prepared to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss (ECF No. 12) be GRANTED; that Plaintiff's Complaint (ECF No. 3) be DISMISSED with prejudice; and that Plaintiff's Motion for Summary Judgment (ECF No. 13) be DENIED as moot.

## I. PROCEDURAL HISTORY

On September 15, 2009, Plaintiff protectively filed for DIB and SSI. (Def.'s Mot. to Dismiss and Mem. in Support ("Def.'s Mem."), Decl. of Robert Weigel ("Weigel Decl.") (ECF No. 12-1), Ex. 1 ("ALJ's Decision") at 4.)[2] On December 17, 2009, the Agency denied Plaintiff's claims. (ALJ's Decision at 4.) On May 12, 2010, the Agency denied Plaintiff's claims on reconsideration. (ALJ's Decision at 4.) On May 23, 2011, the ALJ held a hearing in which the Plaintiff, although informed by the ALJ of her right to representation, appeared *pro se* and testified. (ALJ's Decision at 4.) On June 16, 2011, the ALJ issued a decision finding that Plaintiff was not disabled under the Act and denied Plaintiff's claims. (ALJ's Decision at 12.)

On November 16, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Def.'s Mem., Weigel Decl., Ex. 2 ("Appeals Council Notice") at 1.) The Appeals Council noted that if Plaintiff disagreed with its decision, Plaintiff could file a civil action in the United States District Court for review. (Appeals Council Notice at 2.) After

---

getting denied [her] benefits" and that she "wish[es] to have this overturned," because she is "entitled to [benefits]." The Court, therefore, will treat Plaintiff's "Notice of Appeal" as a motion for summary judgment.

[2] Defendant attached to her Motion to Dismiss the Declaration of Robert Weigel, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Attached to the Declaration in the same ECF Filing (ECF No. 12-1), Defendant has included the ALJ's Decision, noted as "Exhibit 1," and the Notice of Appeals Council Action, noted as "Exhibit 2." For ease of reference, the Court will refer to these documents separately with consecutive pagination as to each.

detailing how Plaintiff may file a civil action, the Appeals Council continued by noting that Plaintiff had sixty days to file that civil action. (Appeals Council Notice at 2.) That time frame would commence upon Plaintiff receiving the Appeals Council Notice, and the Appeals Council would assume that Plaintiff received the Notice within five days, unless Plaintiff demonstrates otherwise. (Appeals Council Notice at 2.) Should Plaintiff not be able to file her civil action within sixty days, she could request an extension in writing to the Appeals Council. (Appeals Council Notice at 2.) On July 15, 2013, Plaintiff commenced her action in this Court by filing her Complaint (ECF No. 3).

## II. ANALYSIS

Defendant argues that this Court should dismiss Plaintiff's Complaint, because Plaintiff filed this action more than sixty days after receipt of the Appeals Council Notice. (Def.'s Mem. at 2-4.) Further, Defendant contends that Plaintiff did not demonstrate good cause to extend the sixty day period. (Def.'s Mem. at 4-5.) Plaintiff argues that she is entitled to benefits under the Act and, therefore, this Court should overturn the ALJ's decision. (Pl.'s Mot. for Summ. J. ("Pl.'s Mot.") at 1.) Because the Court agrees with Defendant, the Court recommends dismissal of Plaintiff's Complaint with prejudice.

### A. Plaintiff did not timely file her action.

#### 1. Plaintiff did not file her appeal within the required sixty-day period.

Congress has prescribed the procedure for judicial review in this Court of a denial of benefits under the Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) (noting that civil action must be commenced within sixty days).[3] Thus, a plaintiff has a sixty-day time period after the final decision of the Commissioner or "such further time as the Commissioner . . . may allow" to file her action with this Court. This sixty-day time period, promulgated by Congress, "constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

In this case, the Appeals Council notified Plaintiff of its decision on November 16, 2012. (Appeals Council Notice at 1.) Unless contradicted by Plaintiff, the Appeals Council considered Plaintiff to have received the Notice five days later. (Appeals Council Notice at 2.) In this case, there is no evidence to the contrary. As such, for the purposes of calculating the sixty-day deadline, Plaintiff received the Appeals Council Notice on November 21, 2012. The sixty-day deadline for Plaintiff to commence a civil action in district court expired on January 22, 2013.[4] Plaintiff did not file her Motion for Leave to Proceed *in forma pauperis* until July 15, 2013 — well after the expiration of the sixty-day deadline on January 22, 2013. Because Plaintiff did not commence her action within the sixty-day deadline, she did not timely file her complaint.

---

[3] For the United States Government to be included as a defendant in an action, the United States must have previously waived sovereign immunity and that waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Congress expressly waives the Government's sovereign immunity by "prescrib[ing] the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

[4] Sixty days from November 21, 2012, would have been Sunday, January 20, 2013. Pursuant to Federal Rule of Civil Procedure 6, if the last day of a calculated period falls on a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. Pro. 6(a). The United States celebrates the Birthday of Dr. Martin Luther King, Jr., a federal holiday, on the third Monday of January each year — in 2013, on January 21. As such, the sixty-day time period actually ended the following day on Tuesday, January 22, 2013.

    2. Equitable tolling does not apply.

While Plaintiff generally must comply with the sixty-day deadline for commencement, regulations allow for the Commissioner to extend the sixty-day deadline upon a showing of good cause by Plaintiff. 20 C.F.R. § 422.210(c). Further, the Supreme Court has determined that "traditional equitable tolling principle[s]" may apply to the sixty-day deadline as well. *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 329 (1976)) (internal quotation marks omitted) ("[C]ases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.").

In this case, Plaintiff had not requested an extension of the sixty-day deadline as of August 5, 2013. (Weigel Decl. ¶ 3(b).) Since August 2, 2013, the only filings by Plaintiff with this Court have been a signed consent to the jurisdiction of a United States Magistrate Judge (ECF No. 11) and Plaintiff's Motion for Summary Judgment — neither of which mentions anything related to the sixty-day deadline. In sum, at no point has Plaintiff requested or shown any cause for an extension of the sixty-day deadline. As such, equitable tolling does not apply in this case.

    B. Plaintiff's Motion for Summary Judgment should be denied as moot.

Because the Court recommends that Defendant's Motion to Dismiss be granted and Plaintiff's Complaint be dismissed with prejudice, the Court accordingly recommends that Plaintiff's Motion for Summary Judgment be denied as moot. Further, even if the Court were to address Plaintiff's request that this Court reverse the ALJ's decision and award her benefits, to do so would be improper. Awarding benefits outright is generally not the province of this court. *See Radford v. Colvin*, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it

chose the wrong remedy: Rather than 'reversing' the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A.").

## VI. CONCLUSION

For the reasons set forth above, the Court recommends that Defendant's Motion to Dismiss (ECF No. 12) be GRANTED; that Plaintiff's Complaint (ECF No. 3) be DISMISSED with prejudice; and that Plaintiff's Motion for Summary Judgment (ECF No. 14) be DENIED as moot.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne, to Plaintiff at her address and to and all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: January 6, 2014